Territorial Law Library

FILED
SUPERIOR COURT
OF GUAM

2011 APR 11 PM 2: 17

# IN THE SUPERIOR COURT OF GUAM

MOON G. YUN,

                 Plaintiff,

    vs.

GUAM MEMORIAL HOSPITAL
AUTHORITY,

                 Defendant.

CIVIL CASE NO. CV1263-04

**DECISION AND ORDER**

## INTRODUCTION

This matter came before the HONORABLE ARTHUR R. BARCINAS on the 17th day of September, 2010, on Defendant's Motion for Judgment on the Pleadings. Attorney Darlene E. Hiton represented the Plaintiff, and Attorney Randall T. Thompson and Assistant Attorney General Robert M. Weinberg were present for the Defendant. Assistant Attorney General Robert M. Weinberg has since been substituted as sole counsel for the Defendant. The Court now issues the following written Decision and Order on the matter.

## PROCEDURAL HISTORY

On December 13, 2004, the Plaintiff filed a complaint alleging two claims for damages. Factually, the Plaintiff alleges in this complaint that he was employed by the Defendant, Guam Memorial Hospital Authority, as an anesthesiologist, and resigned from this employment on June 15, 2001. He alleges that when he resigned, he had accumulated 448 hours of annual leave and citing to Exhibit A, attached to the complaint, states that he had accumulated "two thousand one hundred and thirty-three and 31/100 (2,131.31)(sic)" hours of compensatory time earned. Pl.'s Compl., p.2, ¶ 5, p.3, ¶14. The Court is unsure whether the Plaintiff is claiming compensation for

2,133.31 hours, 2131.31 hours, or 2,153.31 hours due to the differing descriptions and numbers used in the complaint and Exhibit A. Plaintiff's Complaint further alleges that he was employed earning $95.00 per hour at the time of his resignation.

On these bases, the Plaintiff asks the Court to award damages in the amount of 448 hours multiplied by $95.00 per hour for annual leave; either 2,133.31 hours, 2,131.31 hours, or 2,153.31 hours multiplied by $95.00 per hour in compensatory time earned; interest as provided by law; costs and attorney's fees; and any further relief the Court may deem proper.

On February 15, 2005, the Defendant filed an Answer to the Plaintiff's Complaint. On March 5, 2010, more than five years after the close of the pleadings, the Defendant filed a Motion for Judgment on the Pleadings alleging that the Plaintiff failed to state a cause of action, and that the Court was deprived of jurisdiction to hear the Plaintiff's claims due to the failure to follow the requirements of the Government Claims Act, and the applicable statute(s) of limitations. The Defendant moved for judgment/dismissal based on these arguments. The Plaintiff filed an opposition on March 19, 2010.

## DISCUSSION

The Defendant asserts that the Plaintiff has failed to establish subject matter jurisdiction in the Superior Court of Guam because he has failed to file a government claim under the Government Claims Act in order to overcome sovereign immunity, and further, even if he was not required to file a government claim under the Government Claims Act, the suit is barred by the applicable statute of limitations.

The Defendant has named the motion a "Motion for Judgment on the Pleadings." Rule 12(c) of the Guam Rules of Civil Procedure permits motions for "judgment on the pleadings" to

be made after the pleadings are closed. Through Rule 12(h), Rule 12(c) may be used to raise some of the defenses enumerated in Rule 12(b) after the pleadings have closed, despite the general requirement of Rule 12(b) that those defenses be raised before a responsive pleading is filed. Rule 12(h)(2) allows motions for dismissal of a complaint, after the pleadings are closed, for failure to state a claim upon which relief can be granted. Hennegan v. Pacifico Creative Service, Inc., 674 F.Supp. 303, 305 (D. Ct. Guam 2000) (citing Aldabe v. Aldabe, 616 F.2d 1089 (9th Cir. 1980)). Similarly, Rule 12(h)(3) allows a challenge to the court's subject matter jurisdiction at any time, as under Rule 12(b)(1), including through a motion under Rule 12(c). GRCP Rule 12(h)(3), *see also* U.S. v. New Silver Palace Restaurant, Inc., 810 F. Supp. 440, 441 (E.D.N.Y.1992)(citing 5A Wright & Miller, *Federal Practice and Procedure*, §1367 at 515–16(1990)).

When these types of procedural defects are asserted in a motion for judgment on the pleadings under Rule 12(c), the court applies the same standard as it would have used if the motion had been brought under one of the specific subsections of Rule 12(b). Alexander v. City of Chicago, 994 F.2d 333, 336 (7th Cir.1993); *see also* Park University Enterprises, Inc., v. American Cas. Co. of Reading, PA, 442 F.3d 1239, 1244 (10th Cir.2006)(where motion for judgment on the pleadings is predicated upon defense of failure to state a claim, court applies Rule 12(b)(6) standard); U.S. v. New Silver Palace Restaurant, Inc., 810 F. Supp. 440, 441 (E.D.N.Y.1992)(where motion for judgment on the pleadings is predicated upon defense of lack of subject matter jurisdiction, court applies Rule 12(b)(1) standard). The difference between motions under Rule 12(c) and motions under Rule 12(b) is that the court may grant judgment on the merits under Rule 12(c), rather than a simple dismissal of the case, as under Rule 12(b)

because the defendant has subjected himself/herself to the personal jurisdiction of the court by answering the complaint.

A Rule 12(c) motion is designed to provide judgment on the merits in cases where all of the allegations contained in the complaint are admitted and no matters outside of the pleadings have been presented to the court. GRE Rule 12( c); Herbert Abstract Co., Inc. v. Touchstone Properties, Ltd., 914 F.2d 74, 76 (5th Cir.1990) (citing 5A Wright & Miller, *Federal Practice and Procedure*, §1367 at 509–10(1990)); National Fidelity Life Insurance Co. v. Karaganis, 811 F.2d 357, 358 (7th Cir.1987). If matters outside the pleadings have been presented to the court, the motion must be decided under Rule 56(c). GRE Rule 12( c). Under Rule 12( c) the burden is on the moving party to establish that no material issue of fact exists based on the pleadings, and that the moving party is entitled to judgment by law. DiCarlo v. St. Mary Hospital, 530 F.3d 255, 259 (3rd Cir.2008); Poehl v. Countrywide Home Loans Inc., 528 F.3d 1093, 1096 (8th Cir.2008); JPMorgan Chase Bank, N.A., v. Winget, 510 F.3d 577, 582 (6th Cir.2007); Park University Enterprises, Inc., v. American Cas. Co. of Reading, PA, 442 F.3d 1239, 1244 (10th Cir.2006).

Under Rule 12( c) all issues of fact must be resolved by the pleadings. *See* R.G. Financial Corp., v. Vergara-Nunez, 446 F.3d 178, 182 (1st Cir.2006). All of the material factual allegations (as opposed to legal conclusions) contained in the complaint must be accepted as true, National Metropolitan Bank v. U.S., 323 U.S. 454, 457 (1945); Ventress v. Japan Airlines, 486 F.3d 1111, 1114 (9th Cir.2007), and any contravening assertions made by the moving party must be considered false, Johns-Manville Corp. v. U.S., 12 Cl. Ct. 1, 14–5 (1987); MacDonald v. DuMaurier, 144 F.2d 696, 700–01 (2d Cir.1944), because a motion for judgment on the pleadings cannot be granted if there exists a material issue of fact that cannot be resolved on the pleadings alone. Herbert

Abstract Co., Inc. v. Touchstone Properties, Ltd., 914 F.2d 74, 76 (5th Cir.1990) (citing 5A Wright & Miller, *Federal Practice and Procedure*, §1367 at 509–10(1990)); Johns-Manville Corp. v. U.S., 12 Cl. Ct. 1, 14–5 (1987).

Although the motion is styled as a "Motion for Judgment on the Pleadings" the Defendant does not request "judgment" on the merits of the underlying action. Instead, the Defendant raises the issue of the Plaintiff's ability to maintain the suit, and argues that the complaint should be "dismissed" for lack of subject matter jurisdiction. Def.'s Mot. for J. on the Pleadings, p. 1, ¶¶1–2. The Court notes that the Defendant requests dismissal, rather than judgment in its favor, as would generally be the proper remedy under Rule 12( c). Therefore, in accordance with the relief requested, and the stated basis for the relief, through Rule 12( c), this portion of the motion must be treated as a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1). U.S. v. New Silver Palace Restaurant, Inc., 810 F. Supp. 440, 441 (E.D.N.Y.1992); and Collins v. Bolton, 287 F.Supp. 393, 396 (D.C.Ill.1968).

Although the Defendant failed to cite or argue the standard of Rule 12(b)(1), as required through Rule 12 ( c) and Rule 12(h)(3), and instead argued the standard of Rule 12(b)(6), in the interest of judicial economy, the court will analyze the Defendant's arguments under the correct standard for Rules 12( c) and 12(b)(1), and address the merits of the claims regarding subject matter jurisdiction. Moreover, although the Defendant characterizes the defects in the complaints as "jurisdictional," without further specificity or explanation as to the type of jurisdictional defect alleged, the Court notes that the primary arguments presented concern the applicability of certain laws to the Plaintiff, his ability to claim recompense pursuant to those laws due to sovereign immunity, and statute of limitations defenses. Accordingly, these defects concern the issues of

standing and subject matter jurisdiction, and the Court will address these issues under the rubric of Rule 12( c).

The Court next notes that the Defendant does not admit to all of the factual allegations contained in the complaint, thus showing the absence of an issue of material fact, as required for the issuance of judgment under Rule 12( c). DiCarlo v. St. Mary Hospital, 530 F.3d 255, 259 (3rd Cir.2008); Poehl v. Countrywide Home Loans Inc., 528 F.3d 1093, 1096 (8th Cir.2008); JPMorgan Chase Bank, N.A., v. Winget, 510 F.3d 577, 582 (6th Cir.2007); Park University Enterprises, Inc., v. American Cas. Co. of Reading, PA, 442 F.3d 1239, 1244 (10th Cir.2006); *see also* EEOC v. Ingersoll Johnson Steel Co., 583 F.Supp. 983, 985 (D.C.Ind 1984)(where defendant denies material factual allegations and raises question of subject matter jurisdiction, defendant fails to meet standard for motion for judgment on the pleadings and motion will be treated as motion to dismiss under Rule 12(b)(1)). In its answer, the Defendant generally denies all the Plaintiff's allegations which are not affirmatively admitted, and specifically denies all of the Plaintiff's allegations contained in paragraphs 2, 13, and 14. Def.'s Answer, p.1, ¶2, and p. 2, ¶¶ 3–5.

Accordingly, under both Rule 12( c) and Rule 12(b)(1), for the purposes of determining the motion, all of the Plaintiff's well plead allegations of standing must be taken as true, against the Defendant, and the Court will ignore all alleged factual disputes, in favor of the pleadings set forth by the Plaintiff. National Metropolitan Bank v. U.S., 323 U.S. 454, 457 (1945); Ventress v. Japan Airlines, 486 F.3d 1111, 1114 (9th Cir.2007); *see also* Gibbs v. Buck, 307 U.S. 66, 72 (1939); Cramer v. Skinner, 931 F.2d 1020, 1025 (5th Cir.1991), *accord* Scheuer v. Rhodes, 416 U.S.232, 236 (1974); Johns-Manville Corp. v. U.S., 12 Cl. Ct. 1, 14–5 (Fed. Cir. 1987); Smith v. Gross, 604 F.2d 639, 641, n.1 (9th Cir.1979); and MacDonald v. DuMaurier, 144 F.2d 696, 700–01 (2d

Cir.1944).

1)      Standing/Subject Matter Jurisdiction and Amendment

"Standing is a threshold jurisdictional matter." Benavente v. Taitano, 2006 Guam 15, ¶14 (Sup. Ct. Guam 2006)(quoting Guam Imaging Consultants, Inc. v. Guam Mem'l Hosp. Auth., 2004 Guam 15, ¶ 17 (Sup. Ct. Guam 2004)). "Thus, we have held that a court has no subject matter jurisdiction to hear a claim when a party lacks standing." Id.; see also Taitano v. Lujan, 2005 Guam 26, ¶15 (Sup. Ct. Guam 2005).   However, so long as there are sufficient facts plead in the complaint from which to infer jurisdiction, a Rule 12(b)(1) motion must be denied.  Tarleton v. Meharry Medical College, 717 F.2d 1523, 1529 (6th Cir.1983); Davis v. Ohio Barge Line, Inc., 697 F.2d 549, 552 (3rd Cir.1983); Wright v. Gregg, 685 F.2d 340, 342 (9th Cir.1982); Mountain Fuel Supply Co. v. Johnson, 586 F.2d 1375, 1382 (10th Cir.1978), cert. denied, 441 U.S. 952 (1978).

The Supreme Court of Guam has held that:

> "[S]tanding may be predicated upon the statutory grant of such standing by the legislature or the common-law standing principles of Article III. Therefore, where standing is statutorily conferred, we look first to the language of the relevant statute to determine whether a party has statutory standing. Where standing is not conferred by statute, we turn to the common law principles of Article III to determine whether a litigant satisfies such standing requirements . . . ."

Benavente v. Taitano, 2006 Guam 15, ¶¶20-21.

Thus, in determining the Plaintiff's standing, the Court assumes that all of the allegations of the Plaintiff are true, and the Court's analysis begins by examining whether any statutory authority exists for the claims asserted in the complaint.  Id.; see also Macris v. Guam Mem'l Hosp. Auth., 2008 Guam 6, ¶15 (Sup.Ct. Guam 2008)("Thus, we look to this statute to determine upon whom the Legislature conferred standing and whether the claimant in question falls in that category.")(quoting Benavente v. Taitano, 2006 Guam 15, ¶¶20-21).

The first question regarding the Plaintiff's standing to maintain this suit concerns whether the Plaintiff was required to file a government claim for wages and compensation owed him upon his resignation from GMHA, or whether he may maintain a direct action against the Defendant under Guam's Federal Labor Standards Act (FLSA) also known as the Guam Minimum Wage and Hour Act (GMWHA), based on an employment contract. Intertwined with the question of whether Plaintiff could bring a direct action against the Defendant under the GMWHA without filing a government claim, is the determination of whether the advantage of the statute of limitations for actions based in contract is applicable to actions brought pursuant to the GMWHA.

In determining the Plaintiff's standing, the Court starts with the plain language of 4 GCA §4102(a), regarding the classification of public or governmental employees. It states in relevant portion: "[t]he unclassified service shall include the positions of: (13) physicians and health care administrators employed at the Guam Memorial Hospital Authority . . . ." Id. It is undisputed in this case that the Plaintiff was a physician practicing anesthesiology at GMHA when he earned the disputed compensation. Therefore, by statute, he was an unclassified employee.

The Plaintiff frames the question before the Court as "whether an action for breach of contract by a non-classified employee of GMHA for unpaid wages is subject to the Government Claims Act, 5 G.C.A. §6102, et. al. ('Claims Act')." Pl.'s Mem. of Points and Authorities in Opp. to Def.'s Mot. for J. on the Pleadings, p. 3, ¶1 (filed March 19, 2010). This statement and others similarly made by the Plaintiff, present the first problem of pleading for the Court.

Through Rules 12( c) and (h)(3), where a party raises the issues of standing and the plaintiffs' ability to maintain the suit as a party to the action, especially in cases concerning the implications of sovereign immunity, Rule 12(b)(1) is the proper authority under which to address

the request for dismissal. G.R.C.P. Rule 12(b)(1); Quitugua v. Flores, 2004 Guam 19, ¶31, n.12; McLain v. Real Estate Bd. of New Orleans, Inc., 444 U.S. 232, 241 (1980); and Colorado Environmental Coalition v. Wenker, 353 F.3d 1221, 1227 (10th Cir.2004); see also Leonhard v. Mitchell, 473 F.2d 709, 712 (2d Cir. 1973); and Ahuna v Dept. of Hawaiian Home Lands, 640 P.2d 1161, 1164, n.9 (Sup. Ct. Haw. 1982).

Under the standard for Rule 12(b)(1), there are two different types of jurisdictional defects that must be addressed by the Court. The first is the pleader's formal failure to sufficiently allege jurisdictional facts, as required under Rule 8(a)(1), and the second is the lack of actual jurisdiction, despite the formal sufficiency of the pleadings. The Court is currently presented with both defects, and will first address the former defect under Rule 8(a)(1).

The Plaintiff claims that the Court has jurisdiction over this action under the GMWHA, and that his claims of unpaid wages are based in contract. The Court finds no support for this assertion anywhere in the Plaintiff's Complaint. Under GRCP Rule 8(a), "[a] [pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . [and](2) a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." GRCP Rule 8(a)(2011). The word "contract" does not even appear within the complaint filed by the Plaintiff, much less a mention of a breach of such contract.

Further, the GMWHA, at 22 GCA § 3117, includes a provision for collection of unpaid wages. Subsection 3 provides that an action to recover compensation for unpaid wages from an employer pursuant to section 3105 or section 3107 may be maintained by any employee. 22 GCA § 3117(3) (2011). Again, in reviewing the Plaintiff's pleadings, no mention of this act or its provisions is found within the Plaintiff's Complaint. Accordingly, the Court finds that the Plaintiff

has failed to set forth any short and plain statements of jurisdiction for claims of breach of contract or claims made under the GMWHA, as required under Rule 8(a).

Although the Plaintiff has failed to set forth a claim of breach of contract and jurisdiction over such cause of action under Rule 8(a), it appears to the Court that such a contract could and should exist. 4 GCA §4103(e) states: "[n]o person may be temporarily employed in a professional capacity for more than one hundred twenty (120) days except upon a contract in writing, and a determination in writing by the appointing authority that such employment is critical to either the public health, safety or welfare of the community." Id. From this statutory requirement, it appears that there must necessarily have been an employment contract underlying the Plaintiff's employment with the Defendant, GMHA. However, no mention of a contract or a claim of unpaid wages due under any contract can be found within the Plaintiff's complaint.

Generally, a motion to dismiss pursuant Rule 12(b)(1) should be disfavored and doubts should be resolved in favor of the pleader, unless no set of jurisdictional facts could support the exercise of jurisdiction. Harmon v. Superior Court of State of California in & for the County of Los Angeles, 307 F.2d 796, 797 (9th Cir. 1962). Should the pleading fail to formally and sufficiently set forth the jurisdictional facts required under Rule 12(b)(1), dismissal without leave to amend is improper unless it is clear that the action could not be saved by any amendment. Id.; and Topping v. Fry, 147 F.2d 715, 718 (7th Cir. 1945).

In fact, it is reversible error to dismiss under Rule 12(b)(1) unless there exists no set of facts to support the court's jurisdiction over the matter. Commodities Export Co. v. U.S. Customs Serv., 888 F.2d 431, 436–7 (6th Cir. 1989); Berrios v. Department of Army, 884 F.2d 28, 33 (1st Cir. 1988); and Cooper v. U.S. Penitentiary, Leavenworth, 433 F.2d 596, 597 (10th Cir. 1970).

Thus, where facts needed to prove standing may exist, but have not yet been presented, the court must allow opportunity for these facts to be demonstrated before dismissal may be granted. Ids. In this case, it is apparent that an employment contract must have existed, under 4 GCA § 4103(e), however, the Plaintiff has completely failed to allege this fact, has failed to allege any breach of such contract, and has further never alleged a cause of action under the GMWHA in his pleadings.

Rule 15(a) provides in relevant part:

> **Amendments.** A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served, or if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it has been served. Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

GRCP Rule 15(a)(2011).

Rule 15(a) generally grants a court the discretion to liberally allow a party to amend its pleading so long as the party receives leave of the court. The Guam Supreme Court and the United States Supreme Court have held that, in general, a court may not deny a party leave to amend without a justifying reason. Arashi & Co., Inc. v. Nakashima Enterprises, Inc., 2005 Guam 21, ¶16 (Sup. Ct. Guam 2005)(citing Foman v. Davis, 371 U.S. 178, 182 (1962)).

The Defendant argues that only a three year statute of limitations is applicable to this action under 7 GCA §11305 (1) or (8), regarding actions at law or oral contracts, thus requiring dismissal. On the allegations currently contained in the Plaintiff's Complaint, these statutes of limitations would apply to bar the current suit, however, as the Court has found that the Plaintiff may be able to amend to allege the existence of a contract, and contractual claims under the GMWHA, the Court will await amendment based on the following analysis.

Although neither party has argued this particular point, the Court finds that a discussion of the operation of these statutes of limitations in conjunction with Rule 15 is necessary to determine whether amendment would be futile. After a review of the applicable rules, the Court finds that these statutes of limitations are not applicable to prevent the amendment of the Plaintiff's complaint because of the operation of the "relation-back doctrine" under Rule 15(c).

GRCP Rule 15(c) provides in relevant part:

> An amendment of a pleading relates back to the date of the original pleading when . . . (2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or (3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by Rule 4(m) for service of summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

GRCP Rule 15( c)(2011).

Under subsection (2), the rule provides that an amendment to add new claims or legal theories will relate back to the time of the original filing if the new claims or theories asserted arise out of the same facts as contained in the original complaint, as asserted against the same party or parties. The stated purpose of this subsection of the rule is to ameliorate the effect of a statute of limitations whenever the defending party is put on notice of a possible suit arising out of a specific transaction. Cannon v. Kroger Co., 837 F.2d 660, 667 (4th Cir. 1988); Siegel v. Converters Transportation, Inc., 714, F.2d 213, 216 (2d Cir. 1983); Santana v. Holiday Inns, Inc., 686 F.2d 736, 738 (9th Cir.1982); see also Sunkyong Int'l v. Anderson Land & Livestock Co., 828 F.2d 1245, 1252 (8th Cir. 1987).

In this case, there is no question that any amended counterclaim alleging the failure to pay wages based on contract would arise out of the same occurrence as the original claims of failure to pay compensation. Interpreting Rule 15(c), federal courts have consistently found that amendments to state a different claim under a different rule or fact will relate back to the original date of filing in order cure a defect in subject matter jurisdiction, if the underlying event is the same. Cannon v. Kroger Co., 837 F.2d 660, 667 (4th Cir. 1988); Siegel v. Converters Transportation, Inc., 714, F.2d 213, 216 (2d Cir. 1983); Ashland v. Ling-Temco-Vought, Inc., 711 F.2d 1431 (9th Cir. 1983); Santana v. Holiday Inns, Inc., 686 F.2d 736, 738 (9th Cir. 1982); Fujii v. Dulles, 224 F.2d 906, 906–7 (9th Cir. 1955), see also Sunkyong Int'l v. Anderson Land & Livestock Co., 828 F.2d 1245, 1252 (8th Cir. 1987).

In the situation before the Court, the Plaintiff would merely be adding new allegations under a new theory of recovery, arising out of the original transaction, in order to give the Court jurisdiction where the exercise of jurisdiction would have been barred under the statute(s) of limitations applicable to the original claims. The Plaintiff would be allowed to use the relation back doctrine of Rule 15( c) to circumvent the statute of limitations regarding its damages under contract, or the GMWHA pursuant to a contract theory of recovery. This is consistent with the stated purpose of Rule 15(c)(2). Accordingly, the Court finds that amendment to state a different claim sounding in contract, arising out of the same occurrence as alleged in the original complaint, would be proper under Rule 15(a) and (c). As the complaint currently stands, on its face, none of the grounds upon which the Plaintiff argues jurisdiction are proper. Upon amendment of the complaint, the Court would be able to determine whether the Plaintiff's particular contract claims may proceed under the GMWHA, and are subject to the statute of limitation applicable to contract

actions.

<u>2)</u>      <u>Relevant Considerations/Limitations on Recovery for Plaintiff in Amending Complaint</u>

<u>(A)</u>      <u>Annual Leave</u>

In the original complaint, the Plaintiff has requested lump sum compensation for 448 hours of annual leave. Statutorily, a classified employee (even if employed prior to February 28, 2003, such as the Plaintiff) is limited to an accumulation of a maximum of 320 hours of annual leave, and lump sum compensation at separation based thereon. 4 GCA § 4109( c)(2011). The Court has determined that the Plaintiff is necessarily an unclassified employee, and thus, the compensation of his annual leave is not governed by statute. However, the maximum number of annual leave hours that may be compensated by lump sum appears to be even less for unclassified employees under the GMWHA.

For unclassified employees, in 1995 and 1996, comprehensive personnel rules and regulations were adopted by the Director of Administration, approved by the Civil Service Commission, and promulgated by the Governor of Guam in Executive Order 96-24. This order set forth the maximum number of hours of compensatory time that may be accrued by personnel employed by the government of Guam and autonomous agencies thereof. *See* E.O. 96-24, "Relative to adopting and promulgating the Department of Administration's personnel rules and regulations governing the rights, conduct, and obligations of employees and responsibilities and actions of management," Oct. 1, 1996.

On October 1, 1996, the government of Guam implemented these new Personnel Rules and Regulations on a government-wide scale, after "a rigorous and lengthy process, which included public hearings and scrutiny by many groups and individuals[.]" E.O. 96-24. The Executive Order

was assertedly promulgated in compliance with all applicable federal personnel laws, including the FLSA (GMWHA), and specifically required all autonomous agencies, including the Defendant, GMHA, to adopt the new personnel rules, stating "[u]nless contrary to statute, all autonomous departments and agencies are hereby required to adopt the Department of Administration's Personnel Rules and Regulations ("Rules") to promote uniformity and consistency concerning personnel rules and regulations throughout the Executive Branch." Id. The Rules explicitly superseded any previous orders to the contrary, mandating that "[a]ll prior rules, regulations, policies, memoranda or Executive Orders in conflict with this Executive Order are hereby rescinded to the extent of any conflict." Id.

Rule 8.106(A) of these rules sets forth the limitation on accrual of annual leave, stating: "[a]nnual leave accrued and unused in a leave year may be accumulated and carried over to the next leave year except that total accumulation by such carry-over shall not exceed 480 hours. . . .excess annual leave accrued and unused in a leave year shall be automatically forfeited at the end of such leave year." DOA Rule 8.106(A)(2011). Under Rule 8.107(A), "[w]hen an employee is separated from government service, he shall be given a lump sum payment for any accrued and unused annual leave as of the date of separation." DOA Rule 8.107(A)(2011).

Accordingly, as the Plaintiff only seeks compensation for 448 hours of annual leave, it appears that the number of annual leave hours for which the Plaintiff seeks compensation is not circumscribed under the GMWHA.

B)      Compensatory Time Off Limitations

Rules governing compensatory time off were also included in the 1996 Personnel Rules and Regulations. "An employee may not waive his or her right to overtime for hours worked over

forty hours except as provided in Rule 7.405, "Compensatory Time Off in Lieu of Overtime Pay." Guerrero v. Santo Thomas, 2010 Guam 11 ¶ 35 (Sup. Ct. Guam 2010) (citing DOA Rule 7.404(D). The following rule, Rule 7.405, establishes that compensatory time off may be earned "by mutual agreement" between the employee and management, but that such agreement must be kept at the Department of Administration. DOA Rule 7.405(A)(2011). In this case, the Plaintiff's pay stub shows compensatory time earned, and it appears that the Plaintiff elected to earn compensatory time off in lieu of overtime pay, however, this is not clear upon the face of the Plaintiff's Complaint, and should be addressed in the amended pleading.

At the hearing held by the Court on September 17, 2010, the Court asked the parties to submit briefing on the case of Guerrero v. Santo Thomas, 2010 Guam 11 (Sup. Ct. Guam 2010). The Plaintiff did not submit any briefing, but on September 20, 2010, the Defendant submitted briefing claiming that the case was not relevant to the situation before the Court. In the Guerrero case, the Supreme Court of Guam found that under the GMWHA, "[a]n employee is not entitled to an award of unpaid wages for overtime where he or she volunteered to accept compensation in the form of compensatory time off. Furthermore, to the extent an employee has already received compensatory time off at the requisite rate in lieu of wages, the employee's Minimum Wage and Hour claim must be offset by that amount." Guerrero v. Santo Thomas, 2010 Guam 11, ¶37 (Sup. Ct. Guam 2010). Accordingly, it seems that if the Plaintiff seeks to pursue its claim of unpaid wages for the compensatory time earned under the GMWHA, the Plaintiff may be precluded from seeking payment of money for any compensatory time earned in a suit premised solely on the GMWHA, and the holding of Guerrero.

The Plaintiff may be able to distinguish his case and seek payment of a lump sum for

compensatory time earned based on separation from government of service under Rule 7.406(B), which states, "[a]t the time of separation, the employee shall be paid in cash for all unused compensatory time credit earned at a rate of compensation not less than: 1. the average regular rate received by such employee during the last three years of the employee's employment; or 2. the final three regular rate(sic) received by such employee, whichever is higher." DOA Rule 7.406(B)(2011). However, Plaintiff's Complaint does not allege three rates of pay by which to make this computation. Moreover, there appears to be a maximum limitation on the number of compensatory time hours which may be accrued and paid under Rule 7.405( C), which states that unless, "employees engaged in non-law enforcement work may accrue not more than 240 hours of compensatory time." DOA Rule 7.405(C)(2011). The Plaintiff's Complaint currently requests compensation for compensatory time in excess of 2,000 hours, based upon a single rate of pay, $95.00 per hour. Accordingly, the Plaintiff will need to draft his amended complaint in contemplation of these rules, or any applicable exceptions he can ascertain.

C)      Attorneys Fees, Costs, and Interest

Under the GMWHA, in the event that a plaintiff prevails, "the court shall, in addition to any judgment awarded to the plaintiff or plaintiffs . . .allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." Id. If, on amendment, the Court finds that the Plaintiff has properly stated a cause of action pursuant to 22 GCA § 3117(3), and that a contractual statute of limitations will allow the Court to assert jurisdiction over the matter, allowing recovery of unpaid wages, the Plaintiff will be entitled to costs and attorney's fees as a matter of right. In addition, the Plaintiff has presented evidence concerning a prior request for payment which was submitted by the employee/Plaintiff, in the form of a letter dated December 12, 2002.

Accordingly, there could be a statutory basis upon which to award interest against the Defendant, as a governmental agency, from that date, if so requested and properly alleged by the Plaintiff in an amended complaint.

## CONCLUSION

Judgment on the Pleadings is DENIED as to all issues at this time, as the Court grants leave to the Plaintiff to AMEND his Complaint pursuant to Rule 15(a) and (c)(2), within 60 days of the issuance of this Decision and Order. The amended complaint shall include a short, plain, statement of the facts underlying any contract claims, and claims under the GMWHA, in order to allow the Court to determine whether the Court has actual jurisdiction over this action. If such amendment to allege contractual bases is not made within 60 days of this order, the Plaintiff's Complaint shall be DISMISSED as barred both under the general three year statutes of limitations applicable, including 7 GCA § 11305(1) and (8). Upon amendment of the Plaintiff's Complaint, repairing the formal defects in the sufficiency of the allegations of jurisdiction, the Court will allow the Defendant the opportunity to renew any part of this motion which is applicable to the amended complaint, by filing a new motion tailored to the amended complaint, so that the Court may address the remaining issue of actual jurisdiction under Rules 12( c), (h)(3) and (b)(1).

SO ORDERED this ___APR 1 1 2011___.

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam.

APR 1 1 2011

**Joleen C. Camacho**
Deputy Clerk, Superior Court of Guam

**HONORABLE ARTHUR R. BARCINAS**
Judge, Superior Court of Guam